**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
                                                                :
SCOTT MADLINGER, on behalf of himself and       :
all others similarly situated,                                  :
                                                                :
                         Plaintiff,                              :       Civil Action No.
                                                                :
vs.                                                             :       **CLASS ACTION COMPLAINT AND**
                                                                :       **JURY TRIAL DEMAND**
CAPITAL ACCOUNTS, LLC, GREGORY           :
NOWICKI and WESLEY SHUTT,                       :
                                                                :
                         Defendants.                           :
                                                                :
—————————————————————— X

　　　　Plaintiff SCOTT MADLINGER (hereinafter "Plaintiff"), on behalf of himself and

all others similarly situated, by and through her undersigned attorney, alleges against the

above-named Defendants  CAPITAL ACCOUNTS, LLC, GREGORY NOWICKI and

WESLEY SHUTT (hereinafter "Defendants"), their employees, agents, and successors,

the following:

## **PRELIMINARY STATEMENT**

　　　　1.　　Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.    Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.    As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.    Plaintiff demands a jury trial on all issues.

## PARTIES

6.    The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.    Plaintiff is a natural person and resident of Ocean County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.    Based upon information and belief CAPITAL ACCOUNTS, LLC

("Capital Accounts") is a Tennessee Limited Liability Company with its principal place of business located in Franklin, Tennessee.

9.      Based upon information and belief Defendant GREGORY NOWICKI ("Nowicki") is an individual residing in the State of Tennessee and at all relevant times was the president, owner, and/or member of Defendant Capital Accounts.

10.     Based upon information and belief Defendant WESLEY SHUTT ("Shutt") is an individual residing in the State of Tennessee and at all relevant times was the president, owner, and/or member of Defendant Capital Accounts.

11.     Based upon information and belief, since its creation until the present and at all times relevant to this Complaint, Defendant Capital Accounts was under the de facto and sole control and served as the alter ego of Defendants Nowicki and/or Shutt who were each an officer, director, board members or owner of this entity.

12.     Based upon information and belief, Defendants Nowicki and/or Shutt were each the agent, servant and employee of every other Defendant and the acts of each Defendant, as alleged herein, was performed within the course and scope of that agency, service, or employment.  Defendants Nowicki and/or Shutt enriched themselves by illegal conduct as alleged herein, while Plaintiff suffered a concrete injury.

13.     Based upon information and belief, since the time of its creation, now and at all times relevant to this Complaint, there was such a unity of interest and ownership between Defendant Capital Account and its equitable owners Nowicki and/or Shutt that separate personalities of the limited liability company and its members did not and do not in reality exist.

14.     Upon information and belief, Defendants used the mail, telephone, and

facsimile and regularly engages in business, the principal purpose of which is to attempt

to collect debts alleged to be due another.  Each Defendant is a "Debt Collector" as that

term is defined by 15 U.S.C. §1692(a)(6).

.

## CLASS ACTION ALLEGATIONS

15.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23

of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all

New Jersey consumers and their successors in interest (the "Class"), who have received

debt collection letters and/or notices from the Defendant which are in violation of the

FDCPA, as described in this Complaint.

16.    This Action is properly maintained as a class action. The Classes consists

of:

- All New Jersey consumers who were subject to collection attempts by any Defendant and which included the alleged conduct and practices described herein.

- All New Jersey consumers who were subject to collection attempts by Defendant Capital Accounts, LLC and which included the alleged conduct and practices described herein.

- All New Jersey consumers who were sent letters and/or notices from or on behalf of Defendant Capital Accounts, LLC in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein

- The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

17.    The Class satisfies all the requirements of Rule 23 of the FRCP for

maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of

4

all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendants violated various provisions of the FDCPA.

    b. Whether the Defendants were seeking to collect on a time-barred debt;

    c. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

• Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

• Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

• Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

• A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

• A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendants' conduct is allowed to proceed

without remedy it will continue to reap and retain the proceeds of its

ill-gotten gains;

- Defendants have acted on grounds generally applicable to the entire

Class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

18.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

19.     Defendants collect and attempt to collect debts incurred or alleged to have

been incurred for personal, family or household purposes on behalf of creditors using the

United States Postal Service, telephone and/or the Internet.

20.     Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

21.     Sometime prior to July 1, 2020, Plaintiff allegedly incurred a financial

obligation to Toms River X-Ray CT & MRI Ctr, related to medical services ("the

Debt").

22.     The Debt arose out of a transaction in which money, property, insurance

or services, which are the subject of the transaction, are primarily for personal, family or

household purposes.

23.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     Toms River X-Ray CT & MRI Ctr is a "creditor" as defined by 15 U.S.C.

§ 1692a(4).

25.     Sometime prior to July 1, 2020, Toms River X-Ray CT & MRI Ctr, either

directly or through intermediate transactions assigned, placed or transferred the Debt to

7

Defendants for collection.

26.     At the time the Debt was assigned, placed or transferred to Defendants, the Debt was in default.

27.     Defendants caused to be delivered to Plaintiff a letter dated July 1, 2020, which sought to collect an amount owed of $75.78.  Attached as Exhibit A is a copy of the July 1, 2020 collection letter.

28.     The July 1, 2020 collection letter was Defendants' initial communication to Plaintiff for the Debt.

29.     The July 1, 2020 collection letter was sent or caused to be sent by a person employed by Defendants as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30.     The July 1, 2020 letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

31.     Upon receipt, Plaintiff read the July 1, 2020 letter.

32.     The July 1, 2020 collection letter, as Defendants' initial communication to Plaintiff, provides the debt verification notice required by section 1692g of the FDCPA.

33.     The back of the Collection Letter provides:

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For further information, write the undersigned or call 800-983-4730.

34.     There was no legal basis for the Collection Letter to state that the balance may increase due to interest, late charges and other charges.

35.     There was no basis for the Collection Letter to state that interest, late charges, and other charges may vary from day to day.

8

36.     There was no basis for the Collection Letter to suggest that an adjustment may be necessary should the consumer pay the amount shown on the collection letter.

37.     Furthermore, the total balance due amount in the collection letter includes interest, late charges and other charges which Defendants were not entitled to collect from Plaintiff.

38.     Defendants regularly sent collection letters to New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent.

39.     On or about July 6, 2020, after receiving the Collection Letter from Defendants, Plaintiff sent a letter to Defendants disputing the Debt, requesting validation of the Debt and requesting that he not be contacted by telephone.   A copy of the Debt dispute letter is attached as Exhibit B.

40.     After Defendants' receipt of the debt dispute letter which requests that Plaintiff not be contacted by phone, Plaintiff received multiple telephone calls from Defendants.

41.     The debt dispute letter was received by Defendants on or about July 15, 2020

42.     On or about July 1, 2020, Defendant called Plaintiff and left a message, "Hello Scott Madlinger, Hello"

43.     On or about July 6, 2020, Defendant called Plaintiff and left a message, "Is Jeremy Available?"

44.     On or about July 16, 2020, Defendant called Plaintiff and left a message, "Is Jeremy Morris Available?"

45.     The July 1, July 6 and July 16, 2020 voicemail messages failed to disclose that the call was from a debt collector and did not provide meaningful disclosure of the caller's identity.

46.     Additionally, after the debt validation letter was received by Defendants on July 15, 2020, Defendants failed to cease collection activity and contacted Plaintiff multiple times prior to providing validation of the Debt.

47.     Also, beginning on or about July 1, 2020, Defendants made multiple and repeated telephone calls to both Plaintiff's cell phone and landline.

48.     On or about August 5, 2020, Plaintiff received an undated letter from Defendants providing verification of the debt ("the Second Collection Letter").  A copy of the Second Collection Letter is attached as Exhibit C.

49.     The Second Collection Letter like the July 1 Collection Letter improperly contained the language about interest, late charges and other charges varying day by day as described in paragraph 33 above.

50.     Based upon information and belief, Defendants regularly sent letters seeking to collect debts, which failed to effectively convey the information required under section 1692g.

51.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendants.

52.     Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

53.     Defendants violated Plaintiff's rights not to be the target of misleading debt collection communications.

10

54.     Defendants violated Plaintiff's right to a trustful and fair debt collection process.

55.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendants regarding the expiration of the statute of limitations, and the effect of making a payment on the debt, could reset the statute of limitations.

56.     Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

57.     Defendants' collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

58.     Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

59.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

60.     As a result of Defendants' conduct, Plaintiff suffered an actual, concrete injury as a result of Defendants' failure to provide Plaintiff information required under the FDCPA.

61.     Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

62.     The failure of Defendants to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

63.     Defendants' failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent himself or herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

64.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

65.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    By making false representations of the character or legal status of a debt; and

    (c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

    (d)    Failing to effectively convey the 1692g notice.

66.     On information and belief, Defendants sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

67. On information and belief, Defendants called consumers by phone after the consumer sought validation of the debt, but before Defendants provided such validation.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

68. Plaintiff repeats the allegations contained in paragraphs 1 through 67 as if the same were set forth at length.

69. Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

70. By sending a collection letter, the same as or substantially similar to the July 1, 2020 collection letter, in which the collection letter, among other things, sought to collect on a time-barred debt, failed to give the original creditor's name, sought to collect more interest, fees, collection charges and/or other charges, Defendants violated:

71. 15 U.S.C. §1692c, by contacting Plaintiff despite his request not to be contacted via telephone;

72. 15 U.S.C. §1692d by engaging in conduct t he natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

73. 15 U.S.C. §1692d(5) by causing a telephone to ring repeatedly or continuously with intent to annoy, abuse or harass any person at the called number;

74. 15 U.S.C. §1692d(6) by the placement of telephone calls without meaningful disclosures of the caller's identity;

75. 5 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

76. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

77. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

78. 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or this is not intended to be taken;

79. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

80. 15 U.S.C. § 1692e(11) by failing to disclose in a subsequent communication that the call is from a debt collector;

81. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

82. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

83. 15 U.S.C. §1692g, by failing to identify the name of the original creditor and by failing to effectively convey the dispute and validation notice; and

84. 15 U.S.C. §1692g(b), by failing to collection of the debt prior to validating the Debt.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
    July 1, 2021

Respectfully submitted,

By: <u>s/ Lawrence C. Hersh</u>
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300
    *Attorney for Plaintiff*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: July 1, 2021    By: <u>s/ Lawrence C. Hersh</u>
           Lawrence C. Hersh, Esq

EXHIBIT A

P.O. Box 140065
Nashville, TN 37214

00655

**CAPITAL ACCOUNTS**



*866.854.5359 (phone)• 800.296.3317 (fax)*

ᵗᵖⁱᵗ plicty llₐₗₗₗₗₗₗₗₗₗₗₗ (mailing barcode)

100422-01A
Scott V Madlinger

Date: 07/01/2020
Account: ▮▮047
Creditor: Toms River X-Ray CT & MRI Ctr
Balance: $75.78

Dear Scott V Madlinger:

Capital Accounts has been retained by Toms River X-Ray CT & MRI Ctr to collect in full the above referenced delinquent obligation. An amicable resolution is desirable to us, and to you, we hope.

This is a demand for payment in full.

### ***You can pay online or explore options at <u>www.capitalbillpay.com</u>***

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Pay by phone at 866.854.5359

Direct all payments to Capital Accounts

SEE REVERSE SIDE  FOR IMPORTANT INFORMATION

RETURN BOTTOM PORTION WHEN PAYING BY MAIL

---

Visa [ ] MasterCard [ ] AMEX [ ] Discover [ ]
Card Holder Name: _____
Card Holder Signature: _____
CREDIT CARD NO.:

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

EXPIRATION DATE:          PAYMENT AMOUNT:

[ ][ ][ ][ ]          $ _____

Account Number : ▮▮047
Amount Due Now : $75.78

Scott V Madlinger

ᵗᵖⁱᵗplicty llₐₗₗₗₗₗ (mailing barcode)

Capital Accounts
PO Box 140065
Nashville TN  37214-0065

DL1_04

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For further information, write the undersigned or call 800-983-4730.

**CO** = A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR

Our local address is Colorado Manager, Inc., 8690 Wolff Court, Suite 110, Westminster, CO 80031. Our local phone number is 303-920-4763.

**ME** = Our hours of operation are Mon - Thu 8:30 am to 7:00 pm EST, Fri 8:30 am to 5:00 pm EST and Sat closed.

**NC** = North Carolina Department of Insurance permit number 103277.

**TN** = This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance. 500 James Robertson Parkway, Nashville, Tennessee 37243.

**CA** = Nonprofit credit counseling services may be available in the area.

**UT** = As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. We will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

**MN** = This collection agency is licensed by the Minnesota Department of Commerce.

**IL** = In accordance with 815 Ill. Comp. Stat. 205/1 and 205/2, we will assess interest at an annual rate of 5% beginning 30 days after the date of this letter.

**NY** = New York City Department of Consumer Affairs license number 1282141.

EXHIBIT B

July 06, 2020

Capital Accounts
P.O. Box 140065
Nashville, TN 37214-0065

Dear Capital Accounts:
This letter is in response to your letter with account number 2644047.
I dispute this debt. Please validate.
Telephone calls are not convenient at any time or location.  Do Not Call.  Communication by
U.S. postal mail only.

Best Regards,
Scott Madlinger

EXHIBIT C

P.O. Box 140065
Nashville, TN 37214

00092

 *CAPITAL ACCOUNTS*



*866.854.5359 (phone)• 800.296.3317 (fax)*

ı‖ı‖ı‖ıₚ‖ı‖ı∙ıₚₙ∙‖ₚₚ∙‖ₚ‖ıₙ‖ıₚ‖ıₙ‖ıₙₚ∙ıₙ‖‖‖ₙ

101110-01A

Account No.:  ██047
Creditor: Toms River X-ray Ct & Mri Ctr
Balance: $75.78
---------------------------------------------------------------------------------------------

Enclosed is the itemization you requested.

Scott V Madlinger
██047

Balance: $75.78

Sincerely,

Capital Accounts

==================================================================================

Capital Accounts

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

==================================================================================

000183

IT1_01

Because ... interest, late charges, and other charges that may ... vary from day to day, the amount due ... you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For further information, write the undersigned or call 800-983-4730.

**CO** = A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR

Our local address is 80 Garden Center, Suite 3, Broomfield, CO 80020. Our local phone number is 303-920-4763.

**ME** = Our hours of operation are Mon - Thu 8:30 am to 7:00 pm EST, Fri 8:30 am to 5:00 pm EST and Sat closed.

**NC** = North Carolina Department of Insurance permit number 103277.

**NY** = New York City Department of Consumer Affairs license number 1282141.

**TN** = This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance. 500 James Robertson Parkway, Nashville, Tennessee 37243.

**CA** = Nonprofit credit counseling services may be available in the area.

Nonprofit credit counseling services may be available in the area.

**UT** = As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**MN** = This collection agency is licensed by the Minnesota Department of Commerce.

**WI** = This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.